```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

GABRI ANNUN EL ASIR HAGGAI BEY                              PLAINTIFF

vs.              Civil Case No. 4:08CV004191 HLJ

SUPERIOR PROTECTION, INC.,
MARWIN EDWARDS,
BRYAN ASBILL,
SOCIAL SECURITY ADMINISTRATION, INC.                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

> 1.  Why the record made before the Magistrate Judge is inadequate.
>
> 2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Now before the court is a Motion to Dismiss (DE #6) by separate Defendants Superior Protection, Inc., (Superior) and Marwin Edwards. As far as the court can discern from the pleadings, on December 3, 2008, Plaintiff appeared at the Social Security Administration Building in Little Rock, Arkansas, and attempted to "negotiate a contract that was entered into at a previous date," by informing Defendant Asbill the "contract was no longer voluntarily wanted by the holder." He states Defendant

Asbill told him "the negotiable instrument and the proof of the contract could not be" voided by Plaintiff.  Plaintiff insisted the contract be voided, and that all monies paid on the contract be returned to him.  Defendant Edwards, a security guard at the building, told Plaintiff he had to leave, while he stood over Plaintiff with his hand on his gun.  Plaintiff requested to speak to a supervisor, but the "defendants violently denied" the request.

Plaintiff alleges all the defendants are "guilty of" conspiracy under "18 USC sec. 241, Deprivation of rights under color of law 18 USC sec 242, and ... Racketeering influenced and corrupt organizations 18 USC sec. 1962."  He requests the return of money "due to intentional/unintentional fraud and misrepresentation in commercial contracts with agents acting under the color of law," a jury trial and damages for emotional suffering caused by separate Defendants Edwards and Superior.

In their motion, separate Defendants Edwards and Superior first argue Plaintiff did not properly serve them with Summons and Complaint under Rule 4 of the Federal Rules of Civil Procedure. They allege Plaintiff attempted to personally serve them himself by leaving only a copy of the complaint with the receptionist at Superior's offices and with an employee of the Social Security Administration and that such service is insufficient under Rule 4. Plaintiff's application to proceed in forma pauperis is still pending before this court (DE #1).  Under 28 U.S.C. § 1915, a court

3

may authorize the commencement of a lawsuit without prepayment of fees or security by a "person who submits an affidavit that includes a statement of all assets" showing he is unable to pay "the fees or give security therefor." If the court determines a plaintiff should be allowed to proceed under the statute, it directs the U. S. Marshal to serve the summons and copies of the complaint on the defendants. Fed.R.Civ.P. 4(c)(3). Plaintiff was not required to attempt to perfect service on his own, but the court does recognize that his attempts were not sufficient under the Federal Rules.

Separate Defendants also argue the complaint fails to state a claim and it should be dismissed under Fed. R. Civ. P. 12(b)(6). Specifically, Defendants contend 18 U.S.C. § 241[1] and § 242[2] are

---

[1]   18 U.S.C. § 241 provides:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they

both criminal statutes and neither provides Plaintiff a civil cause of action for damages.  In addition, Defendants argue that, although the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962," see 18 U.S.C. § 1964, the complaint fails to state a claim because Plaintiff has not alleged (1) the existence of an enterprise; (2) conduct by the defendants in association with the enterprise; (3) the defendants' participation

---

shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[2]  18 U.S.C. § 242 provides:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

in at least two predicate acts of racketeering; and (4) conduct that constitutes a pattern of racketeering activity. Plaintiff replied to the Motion to Dismiss, but he did not controvert any of Defendants' arguments and he did not request permission to amend his complaint (DE #8).

Although many of the provisions in § 1915 specifically refer to and apply only to prison inmates, the language in § 1915(e)(2) does not distinguish between prisoner and non-prisoner complaints. Under this provision, the court must dismiss a complaint at any time it determines the claims raised are legally frivolous or malicious, fail to state a claim for relief or seek monetary relief against a defendant who is immune from damages. 28 U.S.C. § 1915(e)(2)(B).[3] This includes sua sponte dismissals prior to service and answer.

After careful review of the pleadings, and liberally construing the pro se complaint, I find Plaintiff has no cause of action for damages under § 241 and § 242, and his allegations do not satisfy the requirements for pleading a cause of action under § 1962. Thus, the complaint against all Defendants must be dismissed under § 1915.

---

[3] Prior to the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq (PLRA), § 1915 permitted dismissal only where the complaint was frivolous or malicious. Jones v. Bock, 549 U.S. 199, 214 (2007), citing Neitzke v. Williams, 490 U.S. 319, 320 (1989).

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed <u>in forma pauperis</u> be, and it is hereby, denied and the complaint is hereby dismissed without prejudice.  Separate Defendants' Motion to Dismiss is hereby granted in part and denied in part.

SO ORDERED this 8th day of April, 2009.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge